

U.S. Department of Justice

United States Attorney

*District of Columbia*

**FILED**

FEB 2 1 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*
January 16, 2008

08 - 016

Kirby D. Behre, Esq.
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005

Re:     Martin McLaren

CR 08-16

Dear Mr. Behre:

This letter sets forth the full and complete plea offer to your client, Dr. Martin McLaren, from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer supersedes that of January 11, and will expire at the close of business on January 24, 2008.  The terms of this plea offer will not be repeated.

If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

**Charges and Statutory Penalties**

1a.  Your client agrees to waive Indictment and to plead guilty to a one-count Information charging false statements relating to health care matters, in violation of 18 U.S.C. § 1035.

1b.  Your client understands that, pursuant 18 U.S.C. § 1035, the maximum sentence that can be imposed is 5 years of imprisonment, a potential fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

1c. In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for his fraudulent conduct while operating the Pain Management Center through the date of this plea letter. This agreement not to prosecute Dr. McLaren does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and 23 D.C. Code § 1331(4). It is understood that the government has no evidence, as of the date of this agreement, of any crimes of violence involving Dr. McLaren.

**Factual Stipulations**

2. Your client will agree to a "Statement of the Offense" that fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

**Sentencing Guidelines Stipulations**

3a. Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2007) (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

| | | |
|---|---|---|
| § 2B1.1(a) | Base Offense Level | 6 |
| § 2B1.1(b)(1)(I) | Loss is $1,750,000 | 16 |

3b. The government will argue for the applicability of only one other increase: a 2-level increase pursuant to § 3B1.1(c) for aggravating role in the offense. The government will not argue for any other increases. Your client may take whatever position he wishes regarding this adjustment. Each party may present evidence to support its respective position at the sentencing hearing.

3c. In the event that this plea offer either is not accepted by Your client or is accepted by your client but the guilty plea either is rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

**Acceptance of Responsibility: 2 or 3-level reduction**

4. Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence and the offense level found by the Court is 16 or greater prior to

application of § 3E1.1(a), the Government agrees that an additional 1-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

### Agreement on Maximum Period of Imprisonment

5.    Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government agrees that the maximum period of imprisonment  that may be imposed in this case will not exceed 46 months' imprisonment.  The parties understand that the resulting period of imprisonment may be either higher or lower than the Sentencing Guidelines range as calculated by the United States Probation Office.  Nevertheless, the parties agree that they will recommend to the Court that, pursuant to Sentencing Guidelines Section 6B1.2(c)(2), there are justifiable reasons for the Court to accept the agreed-upon limitation on the maximum period of imprisonment. If the Court accepts this condition, then the agreed disposition will be included in the judgment pursuant to Rule 11(c)(3) of the Federal Rules of Criminal Procedure.  The parties understand, however, that, in light of other factors, the Court may not agree to accept this condition and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure.  Dr. McLaren understands that, if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement and will afford him an opportunity to withdraw the plea, or if he persists in the guilty plea, will inform him that the final disposition may be less favorable to him than that contemplated by this agreement.

### Criminal History Category

6.    Based upon the information now available to this Office, it appears that your client has no prior record.  Accordingly, it appears that your client's Criminal History Category is I. Nothing in this Agreement limits the government from seeking an appropriately adjusted sentencing range if it is determined based upon new information that your client's criminal history category is different from that set forth above.

### Agreement as to Sentencing Allocution

7. The government reserves its full right of allocution for purposes of sentencing and post-sentencing in this matter, including the right to set forth all of its evidence with respect to your client's criminal activities at sentencing and at any proceeding(s) before the Bureau of Prisons.  Your

client acknowledges that the government is not obligated and does not intend to file any downward departure sentencing motion under § 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

8.    The government reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement.

9.    In exchange for your client's guilty plea, the government agrees 1) to recommend to the Court either a 2-level or a 3-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1; 2) not to oppose your client's release pending sentencing; 3) not to oppose your client's voluntary surrender to commence serving any sentence which is imposed; 4) not to oppose your client's request for the Court to request incarceration at a particular federal facility; and 5) not to bring any civil or forfeiture actions, except as provided in paragraphs 14 and 15, which are related to your client's operation of the Pain Management Clinic, provided that your client (a) cooperates with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperates fully and truthfully with the Court in any proceeding arising from this matter; (c) complies with the other provisions of this agreement; and (d) abides by the conditions set for his release by the Court.

10.    If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

### Court Not Bound by the Plea Agreement

11.    Except as provided in paragraph 5 regarding the agreement on maximum period of imprisonment, it is understood that, pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

12.    Except as provided in paragraph 5 regarding the agreement on maximum period of imprisonment, it is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the

4

sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

### Restitution

13. The parties agree that restitution imposed by the Court shall be $196.71, which is the loss caused by the violation of 18 U.S.C. § 1035 to which the defendant pleads guilty.

### Forfeiture

14a. Dr. McLaren agrees not to contest the administrative, civil or criminal forfeiture of any and all assets of Dr. McLaren or his wife, Patricia McLaren, heretofore seized by the government, including: $413,108.78 seized from Dr. McLaren's personal Bank of America account # xxxx-xxxx-1887 and $252,858.19 seized from Dr. McLaren's Bank of America business account #xxxx-xxxx-7669 and his 2005 Porsche Cayenne. Dr. McLaren also agrees not to contest the civil forfeiture *in rem* action filed in the United States District Court for the District of Columbia (Civ. No. 07-1523 (CKK) or make a claim with respect to any and all funds in Wachovia Securities L.L.C. account numbers 5528-1064 and 5528-0981, which were seized on July 2, 2007, the approximate value of which on June 28, 2007 was $3,794,213.76. In order to effectuate the forfeiture of the defendant funds in Civ. No. 07-1523 (CKK), Dr. McLaren agrees to relinquish his interest in the above-named accounts and funds contained therein and complete any necessary documents to forfeit the above-named funds to the United States.

14b. Dr. McLaren also agrees to provide a sworn statement from his wife, Patricia McLaren, in which she agrees not to contest the civil forfeiture *in rem* action filed in the United States District Court for the District of Columbia (Civ. No. 07- 1523 (CKK) or make a claim with respect to any and all funds in Wachovia Securities L.L.C. account numbers 5528-1064 and 5528-0981, which were seized on July 2, 2007, the approximate value of which on June 28, 2007 was $3,794,213.76. Dr. McLaren agrees that, notwithstanding how such assets may have been titled, he owns and exercises dominion and control over the defendant properties in Civ. No. 07-1523 (CKK).

14c. Dr. McLaren further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Dr. McLaren agrees to take all steps as requested by the government to pass clear title to the forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

14d. In the alternative to forfeiture of the above assets listed in paragraph 14a and 14b above, Dr. McLaren agrees that the United States shall retain the following seized and administratively

forfeited assets and expressly relinquishes any and all rights of any kind that he may have with respect to those assets, to-wit:

> $413,108.78 seized from Dr. McLaren's personal Bank of America account # xxxx-xxxx-1887;
>
> $252,858 seized from Dr. McLaren's business Bank of America account # xxxx-xxxxx-7669; and
>
> Dr. McLaren's 2005 Porsche Cayenne, purchased for $48,199. (The total value of these assets is $714,165.97.)

4e. In addition, Dr. McLaren agrees to pay the United States $4,285,834.03 pursuant to written instruction to be provided by the U.S. Attorney's Office for the District of Columbia by the 1st day of March, 2008. Within ten days of the United States' receipt of the $4,285,834.03, the United States will seek the release and return of Wachovia Securities LLC account # 5528-1064, held in the name of Patricia McLaren and Wachovia Securities LLC account # 5528-0981, held in the name of Martin McLaren. Further, the United States will dismiss the civil forfeiture *in rem* action filed in the District Court for the District of Columbia, Civil Action No. 07-1523 (CKK).

14f. From the forfeited funds, the government intends to provide the victims with restitution. The government agrees that it will not oppose any request by the defendant that the restitution of $196.71 ordered by the Court as part of a sentence be offset by the value of the funds turned over to the victims, by the government, through the administrative, civil or criminal forfeiture process.

### Civil Settlement

15. There is a related civil settlement which has been reached between Dr. McLaren and the Civil Division of this office.

### Appeal Waiver

16. The parties agree that a sentence within the applicable Guidelines range established by the Sentencing Guidelines would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a).

17. Your client is aware that federal law, specifically 18 U.S.C. §3742, affords your client the right to appeal the sentence. Your client is aware that the Government's factual stipulations and predictions about the calculation of the sentencing guidelines are not binding on the sentencing judge. Knowing that, your client waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. §3742, except to the extent that (a) the Court sentences your client to a period of imprisonment longer than the statutory maximum, or (b) the Court departs upward from the applicable Guidelines range pursuant to the provisions of U.S.S.G. § 5K2 or based

on a consideration of the sentencing factors set forth in 18 U.S.C. §3553(a). Further, your client reserves the right to make a collateral attack upon your client's sentence pursuant to 28 U.S.C. §2255, if new and currently unavailable information becomes known to him. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement.

### Release/Detention

18. Your client acknowledges that while the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

### Breach of Agreement

19. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

20. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

21. Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

22. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from

prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

23. It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

24. By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Complete Agreement

25. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

26. Your client further understands that this Agreement is binding only upon the United States Attorney's Office for the District of Columbia, both the Criminal and Civil Divisions. This Agreement does not bind any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:     Geoffrey Carter
Geoffrey Carter
Assistant United States Attorney

Thomas E. Zeno
Thomas E. Zeno
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Kirby Behre, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: __2 · 21 · 08__          _____
                              Dr. Martin McLaren
                              Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and

9

completely sets forth the entire Plea Agreement.  I concur in my client's desire to plead guilty as set forth in this Agreement.

Date:  2/21/08

_____
Kirby Behre, Esquire
Paul, Hastings, Janofsky & Walker, LLP
Attorney for the Defendant