FILED  08-016

FEB 2 1 2008

## Settlement Agreement

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

This Settlement and Release Agreement ("Agreement") is entered into this 20th day of February 2008, by and among the United States of America, acting through the United States Attorney's Office for the District of Columbia Civil Division (hereinafter "the United States"), and Martin McLaren, M.D., and Pain Management/McLaren Anesthesia Associates, PC (hereinafter "McLaren"). The United States and McLaren will hereinafter collectively be referred to as "the Parties."

**BASIS OF AGREEMENT**

WHEREAS, McLaren is the owner of Pain Management Center, located at 10610 Rhode Island Avenue, Beltsville, Maryland, and formerly located at 6475 New Hampshire Avenue, Suites 420 and 430, Hyattsville, Maryland, and is a licensed anesthesiologist, specializing in pain medicine, operating under the entity of McLaren Anesthesia Associates, PC, with patients residing in both Maryland and the District of Columbia;

WHEREAS, the United States determined that McLaren violated the False Claims Act when he knowingly submitted claims for payment to Medicare and Federal Employee Health Benefit Programs for services not rendered or not medically necessary during the period January 1, 2000 through August 31, 2006 (Covered Conduct); and

WHEREAS, McLaren has signed a Plea Agreement with the United States Attorney for the District of Columbia regarding these claims as well as claims to private insurers (Plea Agreement); and

WHEREAS, the United States has a valid cause of action under the civil provisions of the False Claims Act, 31 U.S.C. § 3729, including treble damages and civil penalties; and

WHEREAS, McLaren desires to resolve these claims without litigation;

WHEREAS, the United States and McLaren have engaged in negotiations concerning the amounts paid and the civil penalties and damages referenced above; and

WHEREAS, the United States has asserted a demand against Dr. McLaren for payment of $5,000,000 to settle its civil claims under the False Claims Act, civil restitution, forfeiture, and as compensation for the Conduct referenced in section 1, below;

WHEREAS, the United States currently has possession of approximately $4,500,000.00 worth of seized assets (seized assets) acquired through the civil and administrative forfeiture process and during the investigation of the criminal case.

THEREFORE, to avoid the delay, inconvenience and expense of protracted litigation of the damage claims set forth above, the Parties hereby reach a full and final settlement as set forth below.

**TERMS OF AGREEMENT**

In consideration of the mutual promises, covenants, and obligations set forth below, and for good and valuable consideration as stated herein, the Parties agree and covenant as follows:

1. The "Covered Conduct" at issue in this Agreement is limited to the allegations contained above.

2. McLaren agrees that the United States shall retain the following seized assets and expressly relinquishes any and all rights of any kind that he may have with respect to those assets, to-wit:

> $413,108.78 seized from Dr. McLaren's personal Bank of America account # xxxx-xxxx-1887;
>
> $252,858 seized from Dr. McLaren's business Bank of America account # xxxx-xxxx-7669; and

      Dr. McLaren's 2005 Porsche Cayenne, purchased for $48,199.
      (The total value of these assets is $ 714,165.97.)

  3.  McLaren agrees to pay the United States $500,000 by electronic funds transfer pursuant to written instructions to be provided by the U.S. Attorney's Office for the District of Columbia. This electronic funds transfer shall take place prior to the date of sentencing.

  4.  McLaren agrees not to contest the administrative, civil, or criminal forfeiture of any and all assets of McLaren or his wife, Patricia McLaren, heretofore seized by the government, including: $413,108.78 seized from McLaren's personal Bank of America account # xxxx-xxxx-1887 and $252,858.19 seized from McLaren' s Bank of America business account #xxxx-xxxx-7669 and his 2005 Porsche Cayenne. McLaren also agrees not to contest the civil forfeiture in rem action filed in the United States District Court for the District of Columbia (Civ. No. 07-1523 (CKK)) or make a claim with respect to any and all funds in Wachovia Securities L.L.C. account numbers xxxx-1064 and xxxx-0981, which were seized on July 2, 2007, the approximate value of which on June 28, 2007, was $3,794,213.76. In order to effectuate the forfeiture of the defendant funds in Civ. No. 07-1523 (CKK), McLaren agrees to relinquish his interest in the above-named accounts and funds contained therein and complete any necessary documents to forfeit the above-named funds to the United States.

  5.  In consideration of the obligations of McLaren set forth in this Agreement, and conditioned upon McLaren fulfilling the obligation set forth above, the United States (on behalf of itself, its officers, agents, agencies, and departments) releases McLaren from any civil or administrative monetary claim the United States has or may have for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C.

§ 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; or the common law theories of payment by mistake, unjust enrichment, restitution, breach of contract, and fraud.

6. Notwithstanding any term of this Agreement, specifically reserved and excluded from the scope and terms of this Agreement as to any entity or person are any and all of the following:

(a) Any civil, criminal or administrative claims arising under Title 26, U.S. Code (Internal Revenue Code). Nothing in this paragraph or any other provision of this Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Amount or Seized Assets for purposes of the Internal Revenue Laws, Title 26 of the United States Code;

(b) Any criminal liability (except as set forth in the Plea Agreement);

(c) Except as explicitly stated in this Agreement, any liability to the United States (or their agencies) for any conduct other than the Conduct described above;

(d) Any claims based upon such obligations as are created by this Agreement; and

(e) Any administrative or disciplinary action arising out of the conduct.

7. If McLaren fails to perform as provided for in this Agreement, the United States may, at its option: (a) rescind this Agreement and file suit based on the Covered Conduct or (b) let the Agreement stand and collect the full Settlement Amount. McLaren agrees not to contest any collection action undertaken by the United States pursuant to this provision, and immediately to pay the United States all reasonable costs incurred in such an action, including attorney's fees and expenses.

8. Dr. McLaren fully and finally releases the United States, its agencies, employees, servants, and agents from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Dr. McLaren has asserted, could have asserted, or may assert in the future against the United States, its agencies, employees, servants, and agents, related to the Covered Conduct in the United States' civil and criminal investigation and prosecution thereof.

9. This document contains the complete agreement between the Parties and may not be modified, amended or terminated except by written agreement signed by the parties and specifically referring to this Agreement.

10. This Agreement is governed by the laws of the United States. The Parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the Parties under this Agreement will be the United States District Court for the District of Columbia.

11. The undersigned signatories for the United States and for McLaren represent that they are signing this Agreement in their official capacities and that they are authorized to execute this Agreement on behalf of the Parties.

12. The Parties will each bear their own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

13. All Parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

AGREED TO:

_____
MARTIN McLAREN, M.D.

_____
McLAREN ANESTHESIA ASSOCIATES, P.C.

_____
JEFFREY A. TAYLOR
United States Attorney

_____
RUDOLPH CONTRERAS
Civil Chief

_Kirby Behre /by SKR_
KIRBY BEHRE, Esquire
Paul, Hastings, Janofsky & Walker LLP
Counsel for McLaren and McLaren
Anesthesia Associates, P.C.

_[signature]_
LAURIE WEINSTEIN, D.C. Bar 389511
Assistant United States Attorney

Counsel for United States