UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES                )<br>                              )<br>    v.                        )    CR 08-16-01 (CKK)<br>                              )<br>MARTIN R. McLAREN             )<br>                              )<br>    __Defendant.__             ) | |

**GOVERNMENT'S NOTICE OF JUSTIFICATION FOR A RULE 11(c)(1)(C) PLEA**

The United States of America, through its attorney, the United States Attorney's Office for the District of Columbia, hereby files this notice of justification for a Rule 11(c)(1)(C) plea in this case. In that connection, the United States advises the Court as follows:

1. On February 21, 2008, Defendant Martin McLaren entered a guilty plea to one count of making a false statement related to a health care matter, in violation of 18 U.S.C. § 1035. Consistent with the terms of the plea agreement and Rule 11(c)(1)(C), the parties proposed that the Court accept the parties' agreement that 46 months is the maximum period of imprisonment that may be imposed in this case.

2. The Court has broad discretion regarding whether to accept pleas under Rule 11(c)(1)(C). *See United States v. Goodall*, 236 F.3d 700, 705 (D.C. Cir. 2001).

3. "In the case of a plea agreement that includes a specific sentence (Rule 11(c)(1)©), the court may accept the agreement if the court is satisfied [] that: (1) the agreed sentence is within the applicable guideline range." U.S.S.G. § 6B1.2(c)(1). The Court would be justified in exercising its discretion to accept the proposed Rule 11(c)(1)(C) plea in this case because the proposed 46-month maximum period of imprisonment limitation is at the top of (and thus, is within) the guideline range which the government contends is applicable to the defendant, a

range of 37 to 46 months of imprisonment (based on offense level 21; criminal history category I).[1]  In short, the proposed Rule 11(c)(1)© plea offer is justified because it merely caps the maximum period of imprisonment at a point that is "within the applicable guideline range." U.S.S.G. § 6B1.2(c)(1).

                    Respectfully submitted,

                    JEFFREY A. TAYLOR
                    United States Attorney

                      /s/ Geoffrey Carter
                    GEOFFREY CARTER (D.C. Bar No. 460-971)
                    THOMAS ZENO (D.C. Bar No. 348-623)
                    Assistant United States Attorneys
                    U.S. Attorney's Office for the District of Columbia
                    Fraud & Public Corruption Section
                    555 Fourth Street, N.W., Fifth Floor
                    Washington, D.C. 20530
                    (202) 353-2457 (phone)
                    (202) 307-2304 (facsimile)
                    geoffrey.carter2@usdoj.gov
                    thomas.zeno@usdoj.gov

---

[1] As outlined paragraphs 3-6 of the plea agreement, the parties agree that the base offense level is 6, and that 16 levels should be added based on a loss of $1,750,000.  If the United States persuades the Court that 2 additional levels should be added under U.S.S.G. § 3B1.1(c), and 3 levels are deducted for acceptance of responsibility, then Defendant's offense level would be 21.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of February, 2008, a copy of the foregoing pleading was served via the United States District Court's Electronic Case Filing program to counsel for Defendant, Kirby Behre, Esq., Paul, Hastings, Janofsky & Walker, LLP, 875 15th St., NW, Washington, DC 20005.

                                      /s/ Geoffrey Carter
                              ASSISTANT UNITED STATES ATTORNEY